IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| SHARON J. BARRERE and<br>L. BRICE BARRERE, | ) <br> ) <br> ) | CV-12-136-BLG-RFC |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | **ORDER** |
| REMINGTON ARMS COMPANY,<br>LLC, SPORTING GOODS<br>PROPERTIES, INC., and<br>E.I. DuPONT DE NEMOURS AND<br>COMPANY, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

**INTRODUCTION**

Defendants have filed a motion to dismiss arguing Plaintiffs' claims are time-barred by the three-year Montana statute of limitations; and neither the "discovery rule" nor the "fraudulent concealment" doctrines apply to legally excuse Plaintiffs' failure to file their lawsuit within the time required by Montana law. Plaintiffs oppose Defendants' motion for the reason that Plaintiffs did not discover that Remington Model 600 Mohawk bolt action rifles were defective until October 2010 and Defendants have gone to great lengths to conceal the defective design of the Remington Model 600 Mohawk rifle.

1

## FACTUAL BACKGROUND

Sharon Barrere was struck in the left foot by a bullet that discharged from a Remington Model 600 Mohawk bolt action rifle on October 31, 2007. *See Complaint*. Plaintiffs allege that their friend, the gun handler, "Sybel Loving was unloading the rifle by cycling the bolt after the hunt when it suddenly and unintentionally discharged." Sharon Barrere's left great toe was amputated on November 5, 2007. Shortly before the shooting, Brice and Sharon Barrere and Sybel and Herman Loving were hunting deer on Brice and Sharon's ranch in Carter County, Montana. Sybel Loving had been hunting with the Remington Model 600 Mohawk rifle.

On October 12, 2012, Plaintiffs filed their lawsuit against Defendants. Plaintiffs assert the following Montana state law causes of action: strict liability for defective design and failure to warn (Counts I and II); common law negligence (Count III); and loss of consortium (Count IV).

## ANALYSIS

A claim is subject to dismissal under Rule 12(b)(6) Fed.R.Civ.P. if it lacks a cognizable legal theory. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). Where allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to

dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Under Rule 12(b)(6), factual allegations in a complaint are presumed true and reasonable inferences are made in favor of the non-moving party. *Rhodes v. Robinson*, 408 F.3d 559, 563 (9th Cir. 2005).

As stated by the Montana Supreme Court, statute of limitations are vital to the system of justice:

> Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together. (Citation omitted).

*Much v. Strum, Ruger & Co., Inc.*, 502 F.Supp. 743, 745 (D.Mont. 1980), *aff'd*, 685 F.2d 444 (9th Cir. 1982). Failure to file within the statute of limitations precludes a defendant from adequately investigating an incident in order to provide a defense.

Plaintiffs assert the "discovery rule" applies and excuses the delay in the filing because Plaintiffs did not learn about the alleged defects in Remington rifles until sometime after October 2010, when Herman Loving told Mr. Barrere about

the CNBC television program entitled "Remington Under Fire." The television program purportedly documented design defects with Remington bolt action rifles that would cause the rifles to fire without a trigger pull. Plaintiffs had no actual knowledge of the alleged design defects prior to being told about the CNBC television program.

The "discovery rule" and "fraudulent concealment" doctrine are codified at Mont. Code Ann. § 27-2-102:

> (1) For the purposes of statutes relating to the time within which an action must be commenced:
>
> > (a) a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action;
> >
> > (b) an action is commenced when the complaint is filed.
>
> (2) Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation.
>
> (3) The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if:

> (a) the facts constituting the claim are by their nature concealed or self-concealing; or
>
> (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.
>
> (4) Subsection (3) does not apply to actions involving the limitations contained in 27-2-205.

Mont. Code Ann. § 27-2-102.

A plaintiff relying on the "fraudulent concealment" doctrine is required to show: (1) an injury occurred; and (2) active concealment of that injury.

> To toll the statute of limitations the fraud must be of such a character as to prevent inquiry, elude investigation, or to mislead the party who claims the cause of action . . . There first must be injury and then concealment. It is the cause of action which must be fraudulently concealed by failing to disclose the fact of injury.

*Monroe v. Harper*, 164 Mont. 23, 28 (1974); *see also Yellowstone Conference of United Methodist Church v. D.A. Davidson*, 228 Mont. 294 (1987) (citing *Much*, 502 F.Supp. at 743.)

The "fraudulent concealment" allegations asserted here by Plaintiffs are similar to those rejected in *Much*:

> *Monroe* requires the cause of action be fraudulently concealed by a failure to disclose the fact of injury. The fact of injury was obvious to Mr. Much at the instant his

5

> revolver discharged into his leg. Nevertheless, he did not communicate with Sturm, Ruger and Company until after filing his suit. That there were no affirmative acts of concealment, indeed no communication whatever between Mr. Much and Ruger during the statutory period following the injury, renders fraudulent concealment of this cause of action an impossibility. "There must be some affirmative act of the defendant calculated to obscure the existence of a cause of action." E.g., *Hesse v. Vinatieri*, 145 Cal.App.2d 448, 302 P.2d 699, 702 (Dist.Ct.App.Cal.1956).

*Much*, 502 F.Supp. at 745.

When Sharon Barrere was shot by a Remington rifle, she was put on inquiry notice to investigate further. Plaintiffs' failure to conduct any post shooting investigation contravenes both the "due diligence" requirement of Mont. Code Ann. § 27-2-102(3), and the basic Montana "inquiry notice" principles. Plaintiffs certainly could have spoken to their friend Sybel and inquired as to whether trigger activation occurred. Rather, Plaintiffs presumed that trigger activation occurred. Sharon Barrere knew she was injured when the rifle discharged on October 31, 2007 and this event triggered the accrual of the limitation period. Plaintiffs had a duty at that point to investigate a potential claim and Montana law provided them three years from the date of injury to do so.

With regard to the "fraudulent concealment" doctrine, Plaintiffs allege that Defendants' fraudulent concealment of material information concerning design,

6

manufacturing, and other defects in the Remington rifles prevented Plaintiffs from discovering their claim against Defendants. However, Plaintiffs make no allegation that they communicated with Defendants during the three-year limitations period following the shooting. Plaintiffs did not exercise "due diligence" to discover a potential cause of action. Mont. Code Ann. § 27-2-102(3).

It is important to note that there have been two similar recent federal court cases involving dismissal of untimely lawsuits against Remington and allegedly defective Model 700 rifles. *See Santanelli v. Remington Arms Co., LLC,* 2011 WL 6003199 (D.R.I. Nov. 30 2011), *aff'd*, 468 F. App'x 15 (1st Cir. 2012); *Casimir v. Remington Arms Company, LLC, et al.,* cause no. 12-cv-01107-JM. In *Santanelli*, the plaintiff was injured on October 27, 2003, as a result of an accidental discharge of a Remington Model 700 rifle. The plaintiff did not commence the product liability action against Remington until June 10, 2011. Remington moved to dismiss because plaintiff's cause of action was barred by Rhode Island's three-year statute of limitations. In response, the plaintiff argued that the "discovery rule" tolled the statute of limitations until November 25, 2010, when he watched the CNBC program on Model 700 rifles. Santanelli alleged that it was not until he watched the CNBC program that he first "became aware of

7

Remington's wrongful conduct." The district court rejected this argument and held that Santanelli's claim is a "paradigm personal injury case with a readily and immediately apparent injury from a cause that could have been uncovered with reasonable diligence." *Santanelli* at *2.

Furthermore, on January 16, 2103, in *Casimir v. Remington Arms Company, LLC, et al.,* cause no. 12-cv-01107-JM, the United States District Court of the Western District of Washington, issued an order dismissing a plaintiff's untimely product liability action based on statute of limitations grounds. The *Casimir* court rejected plaintiff's "discovery rule" and "fraudulent concealment" tolling arguments, which are similar to those in this case.

This Court agrees with the *Santanelli* and *Casimir* courts.

**IT IS ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss is **GRANTED**. The Clerk of Court is directed to notify the parties of the making of this Order and close this file.

DATED this 29th day of April, 2013.

_/s/ Richard F. Cebull_____
RICHARD F. CEBULL
SENIOR U.S. DISTRICT JUDGE