**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANNA HUMPHREY, as an individual and as personal representative for Bradley Humphrey, et al.,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>REMINGTON ARMS COMPANY, LLC; SPORTING GOODS PROPERTIES, INC.; E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>　　　　Defendants - Appellees. | No. 13-35477<br><br>D.C. No. 1:12-cv-00122-RFC<br><br>MEMORANDUM[*] |
| SHARON J. BARRERE; L. BRICE BARRERE,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>REMINGTON ARMS COMPANY, LLC; SPORTING GOODS PROPERTIES, INC.; E. I. DU PONT DE NEMOURS AND COMPANY, | No. 13-35480<br><br>D.C. No. 1:12-cv-00136-RFC |

---

　　[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted February 4, 2015
Seattle Washington

Before: FISHER, BEA, and MURGUIA, Circuit Judges.

Appellants Dianna Humphrey and Sharon and Brice Barrere appeal the district court's dismissal of their personal injury actions against Appellees Remington Arms Co., LLC, Sporting Goods Properties, Inc., and E.I. du Pont de Nemours & Co. (collectively, "Remington"). The district court dismissed Appellants' claims as barred by the applicable three-year statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014), we affirm.

In 2012, Appellants alleged four causes of action under Montana law: strict liability for design defect and failure to warn, negligence, and loss of consortium. Their claims arise from injuries sustained in 1989 and 2007, respectively, when Appellants' Remington rifles accidentally discharged. Montana law prescribes a three-year statute of limitations period for commencement of an action in tort.

2

Mont. Code Ann. § 27-2-204(1).  Absent tolling, therefore, Appellants filed their claims outside their respective limitations periods.

Appellants argue that their limitations periods should be tolled by either the discovery doctrine, Mont. Code Ann. § 27-2-102(3)(a), or the fraudulent concealment doctrine, Mont. Code Ann. § 27-2-102(3)(b).  These doctrines toll the limitations period "until the facts constituting the claim have been discovered or, *in the exercise of due diligence*, should have been discovered by the injured party if (a) the facts constituting the claim are by their nature concealed or self-concealing; or (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause." Mont. Code Ann. § 27-2-102(3) (emphasis added).

Appellants failed to exercise due diligence.  All three Appellants "presumed" that the Remington rifles had discharged in response to a trigger pull and made no "further investigation" into a possible defect.  If Appellants had exercised due diligence by investigating the cause of their injuries, they could have discovered the facts constituting their claims, as other plaintiffs injured by Remington rifles have been able to do.  Therefore, neither the discovery doctrine nor the fraudulent concealment doctrine tolls Appellants' claims.  *See, e.g.*, *Much v. Sturm, Ruger & Co.*, 502 F. Supp. 743, 745 (D. Mont. 1980) (citing *Monroe v.*

*Harper*, 518 P.2d 788, 790 (1974)). The district court correctly concluded that Appellants have not alleged facts that would establish their entitlement to tolling under Mont. Code Ann. § 27-2-102(3).

**AFFIRMED**.